<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JOSE L. SANTIAGO, | : | |
| Plaintiff, | : | Civ. No. 21-17042 (RMB) (AMD) |
| v. | : | |
| ATLANTIC CARE HOSPITAL OF NEW JERSEY, | : | **OPINION** |
| Defendant. | : | |

BUMB, District Judge

I. INTRODUCTION

Plaintiff, Jose L. Santiago ("Plaintiff" or "Santiago"), is currently incarcerated at the Cumberland County Jail in Bridgeton, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* will be granted.

At this time, this Court must screen the allegations of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II.    BACKGROUND

The allegations of Plaintiff's complaint are construed as true for purposes of this screening opinion. Plaintiff names one defendant in this action, the Atlantic Care Hospital of New Jersey ("ACH"). Plaintiff underwent finger surgery at ACH on November 10, 2020. (*See* Dkt. No. 1 at 5; *see also* Dkt. No. 1-1 at 2) Plaintiff alleges the surgeon cut ligaments in the finger without telling Plaintiff during surgery. This has caused Plaintiff to be unable to bend or close this finger. (*See id.*) His finger is also constantly numb. (*See id.*)

Plaintiff seeks the appointment of counsel to proceed with this case and monetary damages as relief for the injuries he has suffered to his finger. (*See id.* at 6.)

## III.    LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive

the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff is seeking redress under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged

deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

    IV.    DISCUSSION

        A. <u>Screening</u>

Plaintiff claims he is entitled to monetary relief because of the inadequate medical care he received to his finger. Plaintiff does not indicate whether he is a pretrial detainee or a convicted state prisoner in his complaint. Nevertheless, whether Plaintiff is a pretrial detainee, in which case the Due Process Clause of the Fourteenth Amendment governs his claim of inadequate medical care, or a convicted and sentenced state prisoner, in which case the Eighth Amendment governs his claim of inadequate medical care, the same standard applies. *See Miller v. Steele-Smith*, 713 F. App'x 74, 76 n.1 (3d Cir. 2017) (citing *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003)).

"To succeed on an Eighth [or Fourteenth] Amendment medical care claim, 'a plaintiff must make (1) a subjective showing that the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" *Id.* at 78 (quoting *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999))). A prison official is deliberately indifferent when he (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Miller*, 713 F. App'x at 79 (quoting *Rouse*, 182 F.3d at 197.) Additionally, deliberate indifference can also be found "where the prison official persists in a course of treatment in

4

the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "[A] plaintiff cannot show deliberate indifference simply by demonstrating negligence in addressing a medical condition or a disagreement over the course of treatment received." *Miller*, 713 F. App'x at 79 (quoting *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993) (explaining that deliberate indifference requires something "more than negligence") (additional citations omitted).

Plaintiff fails to allege that he suffered from deliberate indifference. At best, the alleged facts show the unnamed surgeon was negligent during Plaintiff's planned finger surgery when he cut Plaintiff's ligament. As outlined above, negligence is insufficient to support either a Fourteenth or Eighth Amendment claim for deliberate indifference to a serious medical need. Accordingly, the complaint is dismissed without prejudice for failure to state a claim. Plaintiff shall have the opportunity to file an amended complaint correcting the deficiencies of the complaint as outlined in this opinion should he elect to do so.

B. Request to Appoint Counsel

Plaintiff also seeks the appointment of counsel. (*See* Dkt. No. 1 at 6.) Plaintiff states he only has a third-grade education and that he cannot read or write. (*See id.*) Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff

to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155–56, 157 n. 5; *see also Cuevas v. United States*, 422 F. App'x 142, 144–45 (3d Cir. 2011) (reiterating the *Tabron* factors). The power to appoint counsel lies solely with the discretion of this Court. *See Parham*, 126 F.3d at 457.

Plaintiff's request to appoint counsel is denied without prejudice. Plaintiff has failed to meet the threshold issue that there is some merit to his complaint asserting an Eighth/Fourteenth Amendment claim.

V.  CONCLUSION

For the foregoing reasons, Plaintiff's request for the appointment of counsel is denied without prejudice. Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff may file a proposed amended complaint that corrects the deficiencies of the complaint outlined herein should he elect to do so. An appropriate order will be entered.

DATED:  November 17, 2021                           s/ Renée Marie Bumb
                                                     RENÉE MARIE BUMB
                                                     United States District Judge